**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re: Joseph Patrick Kellogg,

                                                                    Bankruptcy Case No. 3:19-bk-3254-JAF

Debtor.

_____

AARON R. COHEN,

             Appellant,

v.                                                                  Case No. 3:20-cv-989-MMH

JOSEPH PATRICK KELLOGG,

             Appellee.

_____/

**O R D E R**

        **THIS CAUSE** is before the Court on appeal from the United States

Bankruptcy Court for the Middle District of Florida.  Appellant Aaron R. Cohen

(the Trustee) appeals the United States Bankruptcy Court's Memorandum

Decision and Order Overuling [sic], in Part, Chapter 7 Trustee's Objection to

Debtor's Claim of Exemption, and Denying, in Part, Chapter 7 Trustee's Motion

for Turnover of Property of the Estate, (Doc. 4-4; Memorandum Decision), dated

June 25, 2020, and the United States Bankruptcy Court's subsequent Order

Denying Motion for Reconsideration of Memorandum Decision and Order

Over[r]uling, in Part, Chapter 7 Trustee's Objection to Debtor's Claim of

Exemption, and Denying, in Part, Chapter 7 Trustee's Motion for Turnover of

Property of the Estate (Doc. 4-5; Order Denying Reconsideration), dated August 17, 2020.[1]  On November 20, 2020, the Trustee filed an initial brief with leave of Court.[2]  See Initial Brief of Appellant, Aaron R. Cohen, Chapter 7 Trustee (Doc. 10; Initial Brief).  Appellee-debtor Joseph P. Kellogg filed a response brief on December 21, 2020.  See Appellee's Brief on Appeal (Doc. 12; Response Brief).  On January 1, 2021, the Trustee filed a reply brief.  See Reply Brief of Appellant, Aaron R. Cohen, Chapter 7 Trustee (Doc. 13; Reply Brief).[3]  Accordingly, the appeal is ripe for review.

---

[1]  See Notice of Appeal of (I) Memorandum Decision and Order Over[r]uling, in Part, Chapter 7 Trustee's Objection to Debtor's Claim of Exemption, and Denying, in Part, Chapter 7 Trustee's Motion for Turnover of Property of the Estate and (II) Order Denying Motion for Reconsideration of Memorandum Decision and Order Over[r]uling, in Part, Chapter 7 Trustee's Objection to Debtor's Claim of Exemption and Denying, in Part, Chapter 7 Trustee's Motion for Turnover of Property of the Estate (Doc. 1-1; Notice of Appeal), filed on August 27, 2020.

[2]  On two separate occasions, the parties jointly moved for an extension of time to file their respective appellate briefs.  See Joint Motion for Extension of Time in Which to File and Serve Appellate Briefs (Doc. 6), filed on October 9, 2020; see also Second Joint Motion for Extension of Time in Which to File and Serve Appellate Briefs (Doc. 8), filed on November 10, 2020.  On each occasion, the Court granted the parties' motion.  See Order (Doc. 7), entered on October 13, 2020; see also Order (Doc. 9), entered on November 12, 2020.  Thus, the parties timely filed their appellate briefs.

[3]  The Court notes that the parties request oral argument on the issue before the Court in this appeal.  See Initial Brief at 5; Response Brief at 7.  However, after examining the briefs and record, the Court determines that oral argument is unnecessary because the facts and legal arguments are more than adequately presented in the briefs and in the record and oral argument would not significantly aid the Court's consideration of the issues.  See Rule 8019(b)(3), Federal Rules of Bankruptcy Procedure (Rule(s)).

### I.      Standard of Review

This Court has jurisdiction to hear an appeal from a final judgment entered by the United States Bankruptcy Court.  See 28 U.S.C. § 158(a).  In functioning as an appellate court, the Court reviews de novo the legal conclusions of a bankruptcy court but must accept a bankruptcy court's factual findings unless they are clearly erroneous.  See In re JLJ Inc., 988 F.2d 1112, 1116 (11th Cir. 1993).  "A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  Bankruptcy Rule 8013 further instructs district courts to give due regard "to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  This is because "only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (discussing clearly erroneous standard under the Federal Rules of Civil Procedure).  In addition, on appellate review the Court may not make independent factual findings.  See In re JLJ, Inc., 988 F.2d at 1116; In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).  Accordingly, "[i]f the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be

remanded to the bankruptcy court for the necessary factual findings." In re JLJ, Inc., 988 F.2d at 1116.

## II.    Proceedings Before the Bankruptcy Court

On August 26, 2019, Kellogg filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  See Bankruptcy Docket Sheet (Doc. 4-8; Bankruptcy Docket) at 12; see also Voluntary Petition for Individuals Filing for Bankruptcy (Doc. 5-21; Petition) at 2.  In his bankruptcy petition, Kellogg claimed a number of his personal assets as exempt, including, in relevant part, an exemption in his Thor Motor Coach 27' M-25C E450 Ford V10 (Motor Home). See Petition at 17–18.  On October 28, 2019, the Trustee filed objections to Kellogg's claimed exemptions, in which he objected to, amongst other items, Kellogg's claimed exemption in the Motor Home.  See Bankruptcy Docket at 11; see also Trustee's Objections to Debtor's Claims of Exemptions (Doc. 4-9; Objections).  On the same date, the Trustee filed a motion seeking turnover of various property in Kellogg's estate.  See Trustee's Motion for Turnover of Property of the Estate (Doc. 4-10; Turnover Motion).  Following a joint trial on the Trustee's Objections and Turnover Motion, the bankruptcy court sustained the Trustee's objections and granted the Turnover Motion as to all matters except Kellogg's claimed exemption in the Motor Home.  See Memorandum Decision at 1; see also Partial Order Sustaining Trustee's Objection to Debtor's Claims of Exemptions in Part (Doc. 4-24), dated March 4, 2020; Partial Order

Granting Trustee's Motion for Turnover of Property of the Estate in Part (Doc. 4-25), dated March 4, 2020.  In doing so, the bankruptcy court took under advisement the question forming the basis of this appeal—whether the Motor Home qualifies as Kellogg's exempt homestead under Florida law.  See Memorandum Decision at 1, 4 (citing 11 U.S.C. § 522(b)(2) and Florida Statutes section 222.20).

The bankruptcy court addressed this remaining issue at length in the subsequent Memorandum Decision.  After thoroughly discussing the evidence proffered by the parties,[4] the bankruptcy court applied the six-factor test outlined in In re Yettaw, 316 B.R. 560, 562–63 (Bankr. M.D. Fla. 2004), and ultimately concluded that the Motor Home qualifies as Kellogg's "dwelling house" within the meaning of Florida Statutes section 222.05.  See Memorandum Decision at 2–6.  Thus, the bankruptcy court determined that Kellogg's claimed homestead exemption in the Motor Home was valid, and accordingly overruled the Trustee's remaining objection and denied the Trustee's Turnover Motion as to the Motor Home.  Id. at 6, 10. After filing an unsuccessful motion for reconsideration of the bankruptcy court's Memorandum Decision, see Motion for Reconsideration of Memorandum Decision and Order

---

[4]     The evidence included the testimony of the Trustee's appraiser, Peter Mocke, the Trustee, and Kellogg.  See Memorandum Decision at 2, n.2; see generally Transcript of Proceedings (Doc. 4–27).

Over[r]uling, in Part, Chapter 7 Trustee's Objection to Debtor's Claim of Exemption, and Denying, in Part, Chapter 7 Trustee's Motion for Turnover of Property of the Estate (Doc. 11; Motion for Reconsideration) at 26–37; see also Order Denying Reconsideration, the Trustee appealed to this Court.[5]

## III.   Discussion

Ultimately, the question on appeal is whether the bankruptcy court correctly concluded, under the specific facts of this case, that the Motor Home qualifies as Kellogg's "dwelling house" such that it is entitled to homestead protection under Florida law.  The parties do not contest the relevant facts, rather, the Trustee maintains that the facts and circumstances surrounding Kellogg's ownership and use of the Motor Home preclude a finding that the Motor Home qualifies for homestead protection under Florida law.  See generally Initial Brief; Reply Brief.

---

[5]     As noted, the Trustee appeals both the bankruptcy court's Memorandum Decision and the bankruptcy court's subsequent Order Denying Reconsideration of that decision.  See Notice of Appeal; see also Initial Brief at 5.  However, in support of the Motion for Reconsideration, the Trustee did not identify an intervening change in controlling law, proffer new evidence, nor raise new arguments.  Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999).  Thus, to avoid unnecessary duplication of effort, the Court will not separately discuss the Order Denying Reconsideration, as the merits of the Trustee's arguments with regard to that order are identical to those regarding the Memorandum Decision.  See Order Denying Reconsideration at 2 (observing that in the Motion for Reconsideration the Trustee merely reasserted "the same legal arguments that [he] made at and prior to trial"); see also Motion for Reconsideration.

As the bankruptcy court aptly observed, whether a motor home qualifies as a "dwelling house" within the meaning of section 222.05 is a fact-intensive and case-specific inquiry. See Memorandum Decision at 5 (citing In re Schumacher, 400 B.R. 831, 835 (Bankr. M.D. Fla. 2008); In re Yettaw, 316 B.R. at 562–63; and In re Meola, 158 B.R. 881, 882 (Bankr. M.D. Fla. 1993)). Notably, in making that determination both Florida state courts and federal bankruptcy courts have instructed that the applicability of homestead exemption should be liberally construed in favor of the individual claiming the exemption. See id. at 4 (citing, e.g., In re Yettaw, 316 B.R. at 562; Miami Country Day Sch. v. Bakst, 641 So. 2d 467, 468–69 (Fla. 3rd DCA 1994); and Havoco of Am., Ltd. v. Hill, 790 So. 2d 1018, 1020–21 (Fla. 2001)); see also In re Schumacher, 400 B.R. at 835 (quoting Quigley v. Kennedy & Ely Ins., Inc., 207 So.2d 431, 432 (Fla.1968)) ("The Florida Courts have consistently and emphatically held the homestead exemption is to be construed liberally. It is 'well settled' in the Florida State Courts the homestead exemption 'should be liberally construed in the interest of protecting the family home.'"); In re Bubnak, 176 B.R. 601, 602–03 (Bankr. M.D. Fla. 1994) (observing the liberal construction afforded homestead status and determining that a motor home qualified for Florida's homestead exemption); In re Mangano, 158 B.R. 532, 534–35 (Bankr. S.D. Fla. 1993) (same). Indeed, the Florida Supreme Court has recognized

> [a]s a matter of public policy, the purpose of the homestead
> exemption is to promote the stability and welfare of the state by
> securing to the householder a home, so that the homeowner and his
> or her heirs may live beyond the reach of financial misfortune and
> the demands of creditors who have given credit under such law.

Public Health Trust v. Lopez, 531 So. 2d 946, 948 (Fla. 1988).  Moreover, a

debtor's homestead exemption claim is presumptively valid, In re Schumacher,

400 B.R. at 835 (citing Colwell v. Royal Int'l Trading Corp., 196 F.3d 1225, 1226

(11th Cir. 1999)), and the party objecting to a claimed exemption bears the

burden of "'mak[ing] a strong showing' the debtor is not entitled to the claimed

exemption," id. (quoting In re Franzese, 383 B.R. 197, 202–03 (Bankr. M.D. Fla.

2008)).

When determining whether an unconventional or nontraditional abode,

such as a motor home, qualifies for Florida's homestead exemption, courts look

to the six-factor test articulated in In re Yettaw, 316 B.R. at 562–63.  These

factors include—but are not limited to—the following: 1) the debtor's intent to

make the nontraditional abode his homestead; 2) whether the debtor has no

other residence; 3) whether the evidence establishes a continuous habitation; 4)

whether the debtor maintains at least a possessory right associated with the

land establishing a physical presence; 5) whether the nontraditional abode has

been physically maintained to allow long-term habitation versus mobility; and

6) whether the physical configuration of the abode permits habitation, otherwise

the physical characteristics are immaterial.  Id.; see also In re Schumacher, 400

B.R. at 835. Although no single factor is determinative, as the bankruptcy court recognized, the intent of the debtor bears the most weight in the analysis. See Memorandum Decision at 5, n.21 (citing In re Schumacher, 400 B.R. at 835; and In re Mead, 255 B.R. 80, 84–85 (Bankr. S.D. Fla. 2000)).

Here, the Court is satisfied that application of the In re Yettaw test to the facts and circumstances related to Kellogg's Motor Home qualify it for homestead protection under Florida law. Upon a de novo review of the bankruptcy court's legal conclusions, and review of the bankruptcy court's factual determinations for clear error, the undersigned concludes that the bankruptcy court correctly found that the Motor Home in this case is Kellogg's "dwelling house," and therefore, his exempt homestead. Indeed, upon consideration of the evidence introduced regarding the Motor Home, the bankruptcy court concluded that Kellogg purchased the Motor Home for use as his residence and has continuously used it in that manner. See Memorandum Decision at 6. Moreover, the bankruptcy court determined that the Motor Home's physical characteristics support habitation, Kellogg has no other residence and has maintained a possessory right to a location at Sunny Sands motor home resort,[6] and—despite pre-petition travels—the Motor Home has

---

[6] Sunny Sands is a mobile home park located in Pierson, Florida. See Mr. Kellogg's Affidavit in Opposition to Trustee's Motion for Summary Judgment (Doc. 5-17) at 6–8.

remained in Kellogg's rented spot at Sunny Sands attached to utilities.  See id. at 6, 9.  To the extent that these conclusions were based on the evidence adduced at trial, the Court has identified no error in the bankruptcy court's factual findings.  In re JLJ Inc., 988 F.2d at 1116.  Although the Trustee maintains that the relative mobility of the Motor Home, coupled with the circumstances of Kellogg's relationship with Sunny Sands, renders the Motor Home ineligible for homestead protection under Florida law, the Trustee's arguments to this effect are simply unavailing.  The mobility of the Motor Home is but a single factor in the In re Yettaw test, and the Court agrees with the bankruptcy court that Kellogg's Motor Home meets the permanency requirement under Florida law.  Thus, bearing in mind the liberal construction afforded homestead exemption claims, application of the in re Yettaw factors here qualify the Motor Home as Kellogg's "dwelling house" within the meaning of Florida Statutes section 222.05.  See Memorandum Decision at 6; see also In re Mead, 255 B.R. at 84–85 (concluding that rather than focusing on the mobility of a nontraditional abode, "[a] better test to determine homestead exemption is one based on function and use of the dwelling structure, rather than its size, design, utility hookups, or ability to be moved"); In re Mangano, 158, B.R. at 534 ("A liberal construction [of homestead exemption claims] mandates that the Court focus more on the use of the [motor home] than its design or size.").  Therefore, based on the well-

reasoned Memorandum Decision and Order Denying Reconsideration, the bankruptcy court's findings are due to be affirmed.

Accordingly, it is hereby

**ORDERED**:

1. The United States Bankruptcy Court's Memorandum Decision and Order Overuling [sic], in Part, Chapter 7 Trustee's Objection to Debtor's Claim of Exemption, and Denying, in Part, Chapter 7 Trustee's Motion for Turnover of Property of the Estate (Doc. 4-4), entered in Bankruptcy Case No. 3:19-bk-3254-JAF, is **AFFIRMED**.

2. The United States Bankruptcy Court's Order Denying Motion for Reconsideration of Memorandum Decision and Order Over[r]uling, in Part, Chapter 7 Trustee's Objection to Debtor's Claim of Exemption, and Denying, in Part, Chapter 7 Trustee's Motion for Turnover of Property of the Estate (Doc. 4-5), entered in Bankruptcy Case No. 3:19-bk-3254-JAF, is **AFFIRMED**.

3. The Clerk of the Court is directed to transmit a certified copy of this Order to the Clerk of the bankruptcy court.

    4. The Clerk of the Court is further directed to enter judgment consistent with this Order, terminate any pending motions, and close this case.

    **DONE AND ORDERED** at Jacksonville, Florida, this 17th day of August, 2021.

_Marcia Morales Howard_
**MARCIA MORALES HOWARD**
United States District Judge

lc27
Copies to:
The Hon. Roberta A. Colton, United States Bankruptcy Judge
Counsel of Record